**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

|  |  |
|---|---|
| In re:<br>TOUSA, INC., *et al.*,<br><br>Debtors.<br><br>OFFICIAL COMMITTEE OF UNSECURED<br>CREDITORS OF TOUSA, INC., *et al.*<br><br>Plaintiff,<br><br>vs.<br><br>FALCONE/TEP HOLDINGS, LLC f/k/a<br>FALCONE/RITCHIE LLC; INDEPENDENCE<br>LAND DEVELOPMENT 23, LLC; LIVE OAK<br>LANDBANK 2, LLC; NICKMATDAN<br>LANDBANK, LLC; OAK CREEK LANDBANK<br>LLC; WESTWOOD BERKSHIRE LANDBANK,<br>LLC; WI 825 PARTNERS, LLC; KENDALL<br>LAND DEVELOPMENT, LLC, AND VIZCAYA<br>IN KENDALL COMMUNITY DEVELOPMENT<br>DISTRICT,<br><br>Defendants. | Chapter 11 Cases<br><br>Case No. 08-10928-JKO<br><br>Jointly Administered<br><br>Adv. Pro. No. 10-02125-JKO |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**MOTION TO STAY**

Plaintiff, the Official Committee of Unsecured Creditors (the "Committee") of TOUSA,

Inc. ("TOUSA") and its debtor affiliates (together with TOUSA, the "Debtors"), on behalf and as

the representative of the bankruptcy estates of the Conveying Subsidiaries (as defined below), by

and through its undersigned counsel, hereby respectfully submits this motion to stay the above-

captioned adversary proceeding (the "Falcone Action") in its entirety pending the outcome of an

appeal to the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit"),

filed in a related adversary proceeding (Adv. Pro. No. 08-01435-JKO) (the "Fraudulent

Conveyance Action") that is likely impact this litigation.

## Preliminary Statement

Since its formation, the Committee has been dedicated to fulfilling its fiduciary duty of

maximizing the value of the estates for unsecured creditors.   To that end, the Committee has

prosecuted the various adversary proceedings it commenced aggressively and in an expeditious

manner.  However, in light of the Gold Decision (as defined below) and the Committee's appeal

thereof, the Committee believes that a stay of this proceeding is in the interests of judicial

economy, preservation of estate resources, and the avoidance of unnecessary legal expenses.

## Statement of Facts

### 1.   The Transeastern Settlement and the Fraudulent Conveyance Action

The Fraudulent Conveyance Action arose out of the Debtors' efforts to repay debts owed

by a disastrous joint venture (the "Transeastern JV"), that was entered into on June 6, 2005, by

Debtor TOUSA Homes, LP ("Homes LP") and its joint-venture partner, Falcone/TEPHoldings,

LLC, f/k/a Falcone/Ritchie LLC.  The Transeastern JV was funded by a consortium of lenders,

(the "Transeastern Lenders") with $675 million of debt (the "Transeastern Debt") that was non-

recourse to the Debtors, but was subject to certain completion and carve-out guarantees (the

"Guarantees") executed by TOUSA and Homes LP.

Shortly after its formation, the Transeastern JV experienced precipitous and severe

financial distress.  The Transeastern Lenders brought suit against TOUSA and Homes LP,

alleging violations under the Guarantees.  The Debtors determined to settle this litigation by

incurring $500 million of new debt (the "New Debt"), secured by the assets of 34 of TOUSA's

subsidiaries (the "Conveying Subsidiaries") that had no prior obligations on the Transeastern

Debt, to repay certain of the Transeastern Lenders (the "Senior Transeastern Lenders") for their

unsecured claims under the Guarantees.[1]  This global settlement was entered into on July 31,

2007 (the "Transaction" or the "Transeastern Settlement").

    In its October 13, 2009 Findings of Facts and Conclusions of Law, which were amended

on October 30, 2009 (the "Fraudulent Conveyance Decision"), the Transeastern Settlement was

held to constitute a series of fraudulent conveyances.  (ECF Nos. 658, 722.)  To unwind the

Transaction, the Court, *inter alia*: (i) avoided the Lien Lenders' claims and liens on the property

of the Convening Subsidiaries; (ii) ordered the Lien Lenders to disgorge all payments made on

account of the New Debts, plus prejudgment interest; and (iii) ordered the Senior Transeastern

Lenders to disgorge $403 million.  (*See* Amended Final Judgment, Adv. Pro. No. 08-01435, ECF

No. 721).

    On October 20, 2009 the Senior Transeastern Lenders and the Lien Lenders noticed

appeals (the "Fraudulent Conveyance Appeals") of the Fraudulent Conveyance Decision and the

Amended Final Judgment thereon.  (Adv. Pro. No. 08-01435, ECF Nos. 664, 668, 670.)

---

[1] The New Debt was comprised of a $200 million first lien term loan (the "First Lien Term Loan") with Citicorp North America, Inc. acting as administrative agent for the lenders thereof (the "First Lien Lenders"), and a $300 million second lien term loan (the "Second Lien Term Loan," together with the First Lien Term Loan, the "Lien Loans") with Wells Fargo Bank, N.A. as successor administrative agent for the lenders thereof (the "Second Lien Lenders," and together with the First Lien Lenders, the "Lien Lenders").

### 2.  The Falcone Action

On January 26, 2010, after the Fraudulent Conveyance Decision, the Committee filed a complaint initiating this action against the Falcone Parties[2] and the Kendall Parties[3] (together with the Falcone Parties, the "Defendants") seeking to avoid and recover certain cash and non-cash transfers made to the Defendants as part of the Transaction.  (ECF No. 1.)

The Committee filed its second amended complaint on October 13, 2010.  (ECF No. 109.)  The Defendants filed their answers on October 28, 2010; October 29, 2010; and November 8, 2010.  (ECF Nos. 115, 116, 118, 119, 124, 125.)

The parties negotiated a case management plan which was adopted and ordered by the Court on January 11, 2011.  (ECF No. 130.)  Since that time the Committee and Kendall Land Development LLC have filed their Rule 26 disclosure statements, but no discovery has yet been requested or exchanged.

### 3.  The Gold Decision and Subsequent Appeal

Oral argument was heard on the Fraudulent Conveyance Appeals by the Senior Transeastern Lenders and the Lien Lenders on October 22, 2010.  On February 11, 2011, Judge Gold of the United States District Court for the Southern District of Florida (the "District Court") issued an order (the "Gold Decision") quashing the Fraudulent Conveyance Decision as it applies to the Senior Transeastern Lenders.  (Case No. 10-60017-CIV-GOLD, ECF No. 131).[4]

---

[2] As used in this motion, "Falcone Parties" means: Falcone/TEP Holdings, LLC f/k/a Falcone/Ritchie LLC; Independence Land Development 23, LLC; Live Oak Landbank 2, LLC; Nickmatden Landbank, LLC; Oak Creek Landbank LLC; Westwood Berkshire Landbank, LLC; and WI 825 Partners, LLC. Originally the complaint named additional Falcone-related entities as defendants.

[3] The "Kendall Parties" means: Kendall Land Development, LLC and Vizcaya in Kendall Community Development District ("Vizcaya CDD"). Originally the complaint also named Jose Boschetti, Silvia Boschetti, and Boschetti Capital Partners, LLC.

[4] Related Case Nos. 10-61478, 10-62032, 10-62035, 10-62037.

On March 8, 2011, the Committee noticed its appeal (the "Committee Appeal") of the Gold Decision to the Eleventh Circuit.  (Case No. 10-60017-CIV-GOLD, ECF No. 135).

In related proceedings, the Committee represented to Judge Jordan in its Submission Pursuant to Court's Order dated February 15, 2011, "[u]ntil a decision is rendered by the Eleventh Circuit on the Transeastern Appeal, the parties and the T[OUSA] estates are largely paralyzed."  (*Id*. at 8.)  As Judge Jordan recognized when deciding to stay the pending Lien Lenders' appeals of the Fraudulent Conveyance Decision in front of the District Court, "it seems to me that the appropriate action is to stay and administratively close this case pending the Eleventh Circuit's decision in the related bankruptcy appeals."  (Case No. 10-60018-CIV-Jordan, ECF No. 126; Case No. 10-60019-CIV-Jordan, ECF No. 135.)  The Committee now asks this Court to do the same in the Falcone Action.

**Argument**

**1.      Staying the Falcone Action is Proper and Entirely Within This Court's Discretion**

The law is well-settled that this Court has the authority to stay proceedings before it in the interest of efficiency.  *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (Finding that there is a "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  A bankruptcy court "has th[is] inherent power."  *In re Price*, 2007 WL 1125639 (Bankr. N.D. Ala. 2007) (citing *Landis*, 299 U.S. at 255).

Courts in the Eleventh Circuit have consistently granted stays in circumstances similar to those at issue here.  *See Palma v. Safe Hurricane Shutters, Inc.*, No. 07-22913-CIV-AMS , 2009 WL 1424172, *1 (S.D. Fla. May 20, 2009) ("a ruling by the Eleventh Circuit in [a related] case may well affect and determine the issues presently before the Court in this action. Accordingly,

5

in an effort to preserve judicial resources and to avoid inconsistent results, it is appropriate to

stay this matter . . .); *Myron v. Rodriguez*, 06-cv-1051, 2008 WL 516753 (M.D. Fla. Feb. 22,

2008) (granting stay because a "related case" considering a "directly applicable" statute was

"before the circuit court of appeals which issues precedence in this district"); *Allmon v. U.S.*,

2006 WL 1401921 (N.D. Fla. Apr. 10, 2006) ("There is little point in going forward here when

any decision made in this case will be subject to the decision that the Eleventh Circuit makes in

its ruling . . . it is only reasonable that the proceedings in this case be stayed."); *Green v. Roberts*,

No. 10-0481-WS-M,  2010 WL 5067442, at *1-2 (S.D. Ala. Dec. 6, 2010) (Where an underlying

ruling was the impetus for the plaintiff to file an action, then this ruling can also be the "impetus

for the Motion for Stay in this case because it is presently being appealed to the Eleventh

Circuit.").[5]

　　　While stays that are of "indefinite duration" are not allowed, the Committee Appeal has

been noticed and the time it will take for the Committee Appeal to be decided by the Eleventh

Circuit is expected to be reasonable in duration.  *See Landis*, 299 U.S. at 255; *see e.g., King v.

Cessna Aircraft Co.,* 505 F.3d 1160, 1172 (11th Cir. 2007) ("We have repeatedly held that a stay

order which is 'immoderate' and involves a 'protracted and indefinite period' of delay is

impermissible."); *Spencer v. Coventry Health and Life Ins. Co.*, 2008 WL 719211, at *2

(S.D.Ala., Mar. 14, 2008) ("In this Court's experience, [the Eleventh Circuit] typically rules on

---

[5] *See also Fullington v. Pfizer, Inc*., No. 4:10CV00236JLH, 2011 WL 692055, at *1 (E.D. Ark. Feb. 18, 2011) (granting a stay pending a decision by the United States Supreme Court on an issue of preemption and finding that the stay was "warranted by considerations of judicial economy and avoidance of unnecessary legal expense"); *Ioina v. Brinker Int'l Payroll Co.*, No. Civ. A. C-10-25, 2010 WL 3219009, at *1 (S.D. Tex. Aug. 12, 2010) (granting a six month stay where the Circuit Court's decision in a pending matter would "address several legal questions at issue in the present litigation"); *National Shopmen Pension Fund v. Folger Adam Sec., Inc*., 274 B.R. 1, 4 (D.D.C. 2002) (staying a proceeding in the district court to allow a bankruptcy court to make a determination as to defendants liability to plaintiffs where that question was at issue in the matter before the district court); *see generally Leyva v. Certified Grocers of Cal., Ltd*., 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

matters presented to it within nine to twelve months after an appeal is filed… This [timeframe] is not "immoderate" under any reasonable construction of the term.").

The legal issues presented in the Gold Decision, which quashed the Fraudulent Conveyance Decision as it applies to the Senior Transeastern Lenders and the Committee Appeal thereof, are important to the Falcone Action and to the greater chapter 11 cases. While they are separate actions with different parties, the series of facts and events underlying both actions are the same. A stay, at this juncture, is therefore sensible. Moreover, the Defendants would suffer no prejudice by a stay pending the Eleventh Circuit determination of the Committee Appeal. Instead, all parties to the Falcone Action, as well as the Debtors and their various stakeholders would benefit from the conservation of estate and party resources during a stay. A determination by the Eleventh Circuit (i) may resolve claims that go to the heart of the Committee's adversary proceeding, (ii) will provide guidance about the reliability of the Bankruptcy Court's findings of fact, and (iii) will crystallize various issues that have been rendered uncertain in the wake of the Gold Decision. The relief requested herein is, therefore, appropriate and within the sound discretion of the Court.

### Conclusion

For the foregoing reasons, the Committee respectfully requests that the Court stay the Falcone Action in its entirety, until such time as the Committee Appeal is decided, or the Court determines it is appropriate to lift the stay.

Alternatively, in the event that the Court finds a stay of this action pending the outcome of the Committee Appeal may be indefinite, the Committee requests that the Court stay the Falcone Action until the earlier of (i) one year from the date a stay of this action is enacted or (ii) the Committee Appeal is decided.

Dated: March 23, 2011

We hereby certify that the undersigned attorneys are appearing *pro hac vice* in this matter pursuant to Court orders dated February 27, 2008, March 3, 2008, November 9, 2009, and January 11, 2010.

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By:___*/s/ Jessica S. Budoff*_____

Daniel H. Golden (New York Bar No. 1133859)
Stephen M. Baldini (New York Bar No. 2428381)
Philip C. Dublin (New York Bar No. 2959344)
Jessica S. Budoff (New York Bar. No. 4431821)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Counsel to the Official Committee of Unsecured Creditors of TOUSA, Inc., et al.*